Stewart E. Younan #173538
ASPC-Eyman, SMU-II, "Brownie" Unit
P.O. Box #
Florence AZ 85232

In Propria Persona

FILED ___ LODGED
RECEIVED ___ COPY

JAN 23 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stewart E. Younan, <br> Plaintiff, <br> vs <br> Vern L. Alley et al., <br> Defendants | CV-07-1435-PHX-SRB-(LOA) <br><br> Motion To Reconsider Ruling On Defendant's Motion For Summary Judgment For Good Cause. |

Comes Now, Stewart E. Younan, plaintiff pro-se who hereby respectfully submits his request for reconsideration of Defendants Motion for Summary Judgment. Plaintiff submits the Court's Ruling was without Plaintiff's Response because Prison Athorities actively impeded his ability to file a timely Response. The Court's ruling is based upon facts in dispute and against the wheight of evidence because prison Authorities blocked plaintiff's Response. These actions, seizing legal materials, Refusing to return the Brief plaintiff is due to respond to, delaying copies when plaintiff prepared his Brief from his notes, and moving plaintiff from place to place as each deadline approached which prohibited a full fair review of claims violated the very concept of Bounds v Smith 430 U.S. 817 at 821, (1977) And the State has an Affirmative Duty to facilitate access not block it.

Plaintiff submits he could not refuse to move or refuse to surrender his property and legal files any of the six times prison authorities told plaintiff to move. Each time prison staff held on to plaintiff's files for 3 days to nearly a month. Each time files were returned to plaintiff disrupted with documents confused and shuffled out of sequence. Until plaintiff reconstructed them all it was impossible to know what documents were lost or seized. Thus when plaintiff's Response was due to Defendant Baca, Alley and Tarribonou's motion. Plaintiff was unable to file "timely" because prison staff seized, lost or otherwise got rid of the above Defendant's Brief! Plaintiff promptly informed the Court when he learned of it. But, also prepared a response from his notes which would of precluded the Honorable Court's misinterpretation of facts as follows:

1) Court found all of Defendant Alley's seizure of property items were pursuant to warrants, which is simply false. Alley seized property from the plaintiff May 10, 2005 saying "This is mine now"! Alley's false warrants were not even applied for until May 11, 2005, with his Affidavit under seal. The tens of thousands of dollars worth of property seized without warrant was not vouchered into property upon arrest and is on no inventory given to the Plaintiff. Yet Defendant Alley took a platnum diamond Cross & Chain, an expensive Ring and Sunglasses also smashing a nearly new cell-phone to cover-up his assault and threats.

2) Plaintiff's withdrawl of his motion to dispute the warrants was done because the State Prosecutor lead the Plaintiff to believe all property would be returned when he assured the Court 1) No other charges would be brought and Defendant' Alley's informant was not reldable as he put on record in State Court. Alley's assertion he

was "investigating" plaintiff for a money laundering, armed robbrey, theft and drug dealing is shown to be a farce and sham now that plaintiff is in prison and the County Attorney made a record that Defendant Alley's informant is unreliable and <u>no</u> other charges will be brought See Plaintiff Response and Exhibit C-2

3) The Allegations of a plot hatched by plaintiff over a jail monitored telephone system are also false with no supporting evidence but an unreliable crack addicted jailhouse informant that Detective Alley got released from jail in exchange for saying plaintiff was plotting to assassinate Defendant Alley. Jail phone recordings prove there was no such call. Hence, this informant is not supported by facts! But, mere allegations without a charge are being improperly used "in-lieu" of a conviction. The presumption of guilt violates dueprocess

4) The Court's assessment level 5 maximum custody has not denied rights secured by Constitution, while plaintiff is being denied possibility of release at his early releases under TR and other early releases. level-5 custody gets no access to classes, schooling, work based education, jobs, recreation is in a cage. Plantiff is isolated in a cell 24 hours a day at least 4 days a week given 3 days with approximately 2 hours of recreation and a 15 minute shower with limited access to store and/or property. All based upon the unadjudicated presumption of guilt to charges plaintiff is only being investigated for. No charges filed no-disciplinary held and no evidence put forth to dispute. Plaintiff's level-5 override has no end in sight and nearly 3 years ago Defendant Saldate had plaintiff locked down, based upon Defendant Alley's informant.

5) The Court's decision appears to set a reclass hearing as the

equal to a Disciplinary or Criminal adjudication. However, it is not a forum to adjudicate any allegations in. One cannot address the evidence or even dispute the issues because reclass "presumbs" the validity of a previous adjudication. Hence, Plaintiff's case entails a deprivation of rights and priveledges based upon the I.R.C.O. III Lowe wrote ad-hoc after an interview NOT an adjudication. Defendant Alley's crack addicted informant's knowledge or veracity of his statements is Not ever been subject to any adversarial test. Now after nearly 3 years there is still not even any charge been brought to adjudicate violating due process of law.

Therefore the Honorable Court should reconsider the dismissal and rule based upon the Declaration and evidence in plaintiff's late filing because it is not plaintiff's fault.

The forgoing is certified true and correct under penalty of perjury and was served upon parties below by mail this 10 day of January 2009.

x _____
Stewart E. Younan
Pro-se

A.J. Rogers Assistant AG
1275 W. Washington
Phoenix AZ 85007-2997

Paul W. Holloway
Holloway, Odegard, Forrest & Kelly P.C.
3101 North Central Ave.
Phoenix AZ 85012

4