SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stewart Edward Younan, | No. CV 07-1435-PHX-SRB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Vern L. Alley, et al. | |
| Defendants. | |

Plaintiff Stewart Edward Younan filed this civil rights action under 42 U.S.C. § 1983. (Doc. #4.) The parties cross-moved for summary judgment.[1] (Doc. ##31, 46, 48.) The Court denied Plaintiff's summary judgment motion; granted Defendants' motions; and dismissed the action. (Doc. #93.) Plaintiff moves for reconsideration. (Doc. #100.) The Court will deny the motion.

**I.     Background**

This case arose out of an investigation involving an alleged criminal syndicate and the seizure of evidence, including Plaintiff's property; an alleged plot of attempted homicide orchestrated by Plaintiff while in custody; and Plaintiff's subsequent placement in maximum security. In Count II of the First Amended Complaint, Plaintiff alleged a claim against

---

[1] Saldate filed his own motion (Doc. #46) and Alley and Baca filed jointly (Doc. #48). Plaintiff filed a response to Saldate's motion (Doc. #61) but no response to the motion filed by Baca and Alley.

Detective Alley for seizure of personal property through a fictitious warrant and keeping the property after the criminal case was over. (Doc. #4.) In Counts III and IV, he alleged denial of counsel and threat to safety by Detective Saldate regarding an interview of Plaintiff concerning additional criminal activity. And in Count VI, Plaintiff alleged due process violations against Deputy Warden Baca regarding Plaintiff's placement in maximum custody.[2]

The Court granted Alley's motion for summary judgment as to Count II regarding the alleged seizure and failure to return Plaintiff's property. (Doc. #93 at 6.) Because Plaintiff failed to respond to Alley's motion, Alley's assertions were not in dispute. Alley provided evidence demonstrating that property was seized pursuant to search warrants; Plaintiff challenged the warrants and then withdrew his challenge; the seized property was turned over to DPS Property and Evidence; it is being retained due to an on-going investigation into an alleged criminal syndicate; and Alley is no longer assigned to that case and has no authority over the disposition of the property seized. (Id.)

Saldate's motion was granted as to Counts III and IV.[3] He offered evidence that he was not involved in any denial of telephone calls or other contact between Plaintiff and his counsel. Saldate also offered undisputed evidence that his only involvement in Plaintiff's custody status—Plaintiff's assignment to maximum security at the Arizona Department of Corrections—was to confirm that Plaintiff is the subject of an on-going criminal investigation into an alleged murder plot against Alley; Saldate's limited involvement was confirmed by the testimony of the Classification Manager. (Id. at 12.)

The Court also granted Baca's motion for summary judgment on Count VI, which concerned Plaintiff's placement in maximum security. (Id. at 18.) Baca had Plaintiff placed in investigative detention immediately after the report of the alleged murder plot; Plaintiff

---

[2]Count I was dismissed on screening. (Doc. #8.) Thereafter, Count V was dismissed and Count VI was limited in scope. (Doc. #58.)

[3]The Court noted that it was difficult to determine the gravamen of these Counts. Ultimately, it appeared that Plaintiff was alleging that Saldate was responsible for Plaintiff's placement in maximum custody. (Id. at 11.)

- 2 -

1 remained there until he had a classification procedure that resulted in his maximum-security
2 custody level. The Court held that because the conditions of confinement in investigative
3 detention were not atypical or significant hardships, Plaintiff was not entitled to due process
4 for that placement.  See Sandin v. Conner, 515 U.S. 472, 482-83 (1995).  As to the ultimate
5 placement in maximum security custody, in addition to asserting that Plaintiff received all
6 the due process to which he was entitled, Baca's undisputed evidence demonstrated that after
7 initiating the reclassification process and arranging for service of the Notice of Hearing and
8 Inmate Rights, which Plaintiff did not challenge, Baca had no involvement in review of the
9 evidence or the decision to place Plaintiff into maximum custody.  In other words, there was
10 an insufficient link between Baca's conduct and the alleged violation.  See Rizzo v. Goode,
11 423 U.S. 362,  371-72, 377 (1976).

12        In his motion for reconsideration, Plaintiff asserts that he did not respond to the
13 summary judgment motion filed by Baca and Alley because unnamed prison officials
14 blocked his response by seizing legal materials, refusing to return his brief, delaying copies,
15 moving Plaintiff from place to place as each court deadline approached, and returning his
16 documents "confused and shuffled out of sequence."  (Doc. #100 at 1-2.)  He contends that
17 it is not correct that his property was seized pursuant to warrants because Alley seized
18 property on May 10, 2005 and the warrants were not applied for until May 11, 2005, and tens
19 of thousands of dollars worth of property seized without warrant was not vouchered into
20 property upon arrest and . . . no inventory [was] given" to Plaintiff.  (Id. at 2.)  He further
21 asserts that Alley took a platinum diamond cross and chain and an expensive ring and
22 sunglasses.  (Id.)  Plaintiff claims that he withdrew the motion to dispute the warrants
23 because the prosecutor led him to believe that all property would be returned when "he
24 assured the court . . . no other charges would be brought and Defendant Alley's informant
25 was not reliable. . . ."  (Id.)

26        Plaintiff contends that the allegations of a murder plot are false, with no supporting
27 evidence "but an unreliable crack addicted jailhouse informant that Detective Alley got
28 released from jail in exchange for saying that Plaintiff was plotting to assassinate Defendant

- 3 -

1 Alley." (Id. at 3.) Plaintiff argues that mere allegations of a charge are being improperly
2 used in lieu of a conviction. (Id.)

3 As to the last claim, Plaintiff describes the conditions of his confinement in maximum
4 custody, which are highly restrictive. (Id.) He argues that he was subjected to these
5 conditions based on a presumption of guilt on a matter about which he is only being
6 investigated and no disciplinary charges have been filed. He asserts that he cannot address
7 the evidence or dispute the issues because reclassification presumes the validity of the
8 previous adjudication. (Id. at 4.)

## II.     Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. No. 1J, Multnomah County v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." ACandS, Inc., 5 F.3d at 1263. "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc., 215 F.R.D.

- 4 -

1   581, 586 (D. Ariz. 2003).

2   Plaintiff alleges no newly discovered evidence, no mistake or surprise, no fraud by
3   the adverse party, and his motion is not based on an intervening change in controlling law.
4   As to Plaintiff's claim that he was prevented from filing a response to the motion of Baca and
5   Alley, Plaintiff was given three extensions of time to file his response.  (Doc. ##60, 70, 79.)
6   Moreover, Plaintiff was able to file a response to Saldate's motion.  The Court also notes that
7   Plaintiff had filed a motion for an extension of time to produce "undisputable evidence," but
8   the motion offered only sweeping generalities as to what the evidence would show.  (Doc.
9   #91.)  The motion was denied in the same Order that granted summary judgment to
10  Defendants.  (Doc. #93.)

11  Plaintiff's remaining grounds are nothing more than a reargument of his motion and
12  opposition to Saldate's motion.  Plaintiff's real complaint is that prison officials relied on the
13  report of the criminal investigation, without a disciplinary charge, to place him in maximum
14  custody.  The only Defendant in Count VI was Baca.  The Court found that Baca's only
15  involvement was Plaintiff's initial placement in investigative detention, a placement that did
16  not impose atypical or significant hardship warranting due process protections, and his
17  initiation of the reclassification process—Baca had no involvement in the review of the
18  evidence or the ultimate decision to assign Plaintiff to maximum custody.  Plaintiff's motion
19  for reconsideration does not address Baca's involvement, and classification determinations
20  are not limited to consideration of crimes of conviction, pending charges, or findings after
21  disciplinary proceedings.

22  Plaintiff does not provide any reason justifying relief.  The motion for reconsideration
23  is not based on, nor does it offer any new argument as to why Defendants are not entitled to
24  summary judgment.  In short, Plaintiff has not presented any additional information to
25  warrant reconsideration of the Court's previous order.  See AcandS, Inc., 5 F.3d at 1263.

26  In sum, reconsideration is not appropriate, and the motion will be denied.
27  ///
28

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Ruling (Doc. #100) is **denied**.

DATED this 20th day of March, 2009.

_____
Susan R. Bolton
United States District Judge